## UNITED STATES v. McGRAW–CURRAN LUMBER CO. et al., and three other cases.

### Nos. 523–526.

District Court, S. D. Mississippi, Jackson Division.

Oct. 19, 1934.

Wm. H. Griffin, of Washington, D. C., and R. M. Bourdeaux, U. S. Atty., of Meridian, Miss., for the United States.

Lowell Taylor, of Memphis, Tenn., and Barbour & Henry and Wise & Bridgforth, all of Yazoo City, Miss., for defendants.

HOLMES, District Judge.

There is nothing dishonest or unfair in the mere underselling of a competitor in the open market. A lower price than others are willing to accept for the same article in and of itself does not necessarily involve unfair competition on the part of the seller. It has never been so considered by the courts or declared by the Congress. To do so would tend to check efficiency in production and distribution. There must in addition be some ingredient harmful in nature and wrong in principle, such as price cutting for the purpose of destroying a competitor and creating a monopoly, contrary to public policy; but nothing of that kind is presented here in the pleadings or proof upon the application for a preliminary injunction.

The proof in this case is undisputed that the executory contracts of sale sought to be enjoined provide for a price which will give a fair profit to the seller. There is no proof and no contention that the price is below the cost of production to the defendants. There is no claim of any unfair practices in the manufacture or sale of the products by any of the defendants or their representatives.

There is nothing in the National Industrial Recovery Act (48 Stat. 195) to indicate the intention that a specific price should be fixed as the minimum cost of production throughout the entire country or large areas thereof. The broadest power that may reasonably be urged is a provision that no industry shall sell below its cost of production. The congressional debates support this view:

"Mr. Wagner. The Senator knows, I am sure, that the specific amount is not fixed as the cost of production, but there is merely a provision in the code that no industry shall sell below its cost of production. It depends upon the efficiency in each industry as to what that cost of production is. I hope I have not been understood to say that there would be one universal price fixed throughout the country which would be established as the cost of production. No such thing is in the mind of anybody—not anyone who assisted in the drafting of the legislation nor, I am sure, in the mind of the President of the

United States." Congressional Record—Senate, June 13, 1933.

This statement of Senator Wagner fortifies the conclusion, drawn from the absence of express authorization in the act, that it was not the intention of any one in charge of the bill, or of the President, to fix for the entire country a specific minimum cost of production price regardless of efficiency in an individual industry.

The preliminary injunction sought by the plaintiff would restrain the defendants from making deliveries of lumber sold at a profit in the open market. The sale being free from fraud, deception, or unfair competition of any kind, I am of the opinion that it is not prohibited by the National Industrial Recovery Act or any valid regulation thereunder, and that on this hearing the injunction should be denied.